# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JAWASKI MACK, | : |
| Petitioner | : |
| VS. | : |
| BIBB COUNTY SUPERIOR COURT, | : NO. 5:10-CV-372 (MTT) |
| Respondent | : |
| | : **O R D E R** |

By order dated October 13, 2010, this Court directed *pro se* petitioner **JAWASKI MACK,** a prisoner at the Bleckley Probation Detention Center, to do the following: (1) file his petition on this Court's 28 U.S.C. § 2241 form; (2) pay the $5.00 filing fee or submit a request to proceed *in forma pauperis*; and (3) state whether he has exhausted his state remedies. Because petitioner appeared to be challenging the computation of his time served, the Court informed him that exhaustion would "require his seeking relief from the Georgia Department of Corrections ("GDOC") and then pursuing a state court mandamus action against the GDOC Commissioner." *See Ellison v. Seabolt* 2009 WL 3254881 (S.D. Ga. Oct. 9, 2009) (citing **Anderson v. State**, 290 Ga. App. 890, 660 S.E.2d 876, 891 (2008)).

Petitioner has now completed and filed his petition on this Court's habeas form. Petitioner has not, however, exhausted his state remedies. Specifically, he has not sought relief from the GDOC or filed a **state court** mandamus action.

If instead of challenging the computation of his sentence, petitioner is challenging the sentence imposed by the trial judge, he must either appeal the sentence with the Georgia Court of Appeals or

file a state habeas corpus action. Petitioner has pursued neither of these avenues.[1]

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under section 2241 as well as section 2254); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies."). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c). Moreover, exhaustion requires that the petitioner "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[2] Petitioner may refile his federal habeas petition once he has exhausted his state court remedies.

**SO ORDERED**, this 29th day of October, 2010.

s/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr

---

[1] Petitioner states that he has appealed the imposition of his sentence, but it is clear from his pleadings that petitioner merely filed a post-sentencing motion with the trial court.

[2] Pursuant to Rule 4 of the rules governing federal habeas cases, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus. Under Rule 4, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the court must dismiss the petition.